# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. STANLEY, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO.　1:12-cv-01755-MJS (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON HIS COGNIZABLE CLAIMS<br><br>(ECF No. 1)<br><br>PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I.　PROCEDURAL HISTORY**

On October 29, 2012, Plaintiff Shaun Darnell Garland, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint is now before the Court for screening.

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.    SUMMARY OF COMPLAINT

Plaintiff names the following correctional officers at California Correctional Institution, Tehachapi (Tehachapi) as Defendants: (1) C. Stanley, (2) Nickell, (3) Lindsey, and John Doe.

Plaintiff alleges the following:

On October 27, 2010, Plaintiff was delivered to Tehachapi for an overnight layover while being transported from Calipatria State Prison to California State Prison, Los Angeles County. (Compl. at 3.) Plaintiff had spent approximately fourteen hours in transit and was suffering from diarrhea. He had no opportunity to relieve himself en route. (Id. at 11.) As Plaintiff was initially being placed in a holding cell, he told Defendant "Nickell that he

needed to use a restroom ASAP, due to holding diarhea [sic] all day long on the bus." Nickell ignored Plaintiff. Ten minutes later Plaintiff defecated and urinated in the holding cage. (Id. at 4.)

Defendants Nickell, Lindsey, and John Doe discovered the mess and began verbally abusing and threatening Plaintiff, calling him an "'animal'", and ordering him to clean up. Lindsey doused the cell with cleaner and began spraying Plaintiff and the cell down with a water hose. Plaintiff was dressed in only a t-shirt and the temperature was near freezing. (Id.) It was cold enough inside the facility that the Defendants were each wearing jackets. (Id. at 14.) Nickell, Lindsey, and Doe escorted Plaintiff to a new holding cell where they threatened him with a "'long cold hard night.'" He was left without bedding. Plaintiff passed Defendant Stanley on the way and was still only wearing a shirt. (Id. at 4.)

Plaintiff's diarrhea continued and he asked each of the Defendants, including Stanley, for toilet paper. His requests were denied. Plaintiff asked for underwear and Lindsey provided a soiled pair. Plaintiff then asked Stanley for an inmate grievance form. Stanley refused and "told Plaintiff, 'He better be glad that he was leaving the bus in the morning because Plaintiff would be in big trouble, I got a butt plug for your animal ass.'" (Id. at 5.) Plaintiff spent the rest of the night in only a t-shirt, without sheets or toilet paper.

Plaintiff contends that aforementioned amounted to cruel and unusual punishment and retaliation proscribed by the Eight and First Amendments. (Id. at 6.)

**IV.   ANALYSIS**

    **A.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements:

3

(1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.  Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.

4

Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that he was denied access to a restroom and toilet paper, was sprayed with cleaning agent and a water hose, then left to spend the night in freezing temperatures without bedding and wearing only a t-shirt. Defendant Nickell initially ignored Plaintiff's request to use the restroom.  Throughout the night the Defendants repeatedly denied Plaintiff's requests for toilet paper.  Defendant Lindsey offered Plaintiff only soiled underwear.

A lack of sanitation can be sufficiently serious to establish an Eighth Amendment claim. Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").  Plaintiff was initially denied access to the restroom and was forced to defecate and urinate in his cell.  The

5

Defendants then denied him any toilet paper with knowledge that he was suffering from diarrhea.

"The Eighth Amendment guarantees adequate heating." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996). "One measure of an inadequate, as opposed to merely uncomfortable, temperature is that it poses 'a substantial risk of serious harm.'" Graves v. Arpaio, 623 F.3d 1043, 1049 (9th Cir. 2010) (citations omitted). Plaintiff alleges that he endured freezing temperatures through the night after being sprayed with a water hose, without proper bedding, and dressed in only a t-shirt.

The denial of adequate clothing may, under certain circumstances, rise to the level of an Eighth Amendment violation. Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Plaintiff wore only a t-shirt through a night cold enough for the Defendants to wear jackets. Defendant Lindsey offered Plaintiff a soiled pair of underwear.

The conditions described rise to the level of a substantial risk of serious harm. Plaintiff's allegations satisfy the first element of his Eighth Amendment claim. Plaintiff has also provided sufficient factual allegations to support his assertion that the Defendants acted with deliberate indifference.

Plaintiff told Defendant Nickell that he was suffering from diarrhea and needed to use the bathroom. Nickell ignored Plaintiff's request. After Plaintiff relieved himself, Defendants Nickell, Lindsey, and John Doe called Plaintiff an animal and Lindsey sprayed Plaintiff with a hose. These Defendants then walked Plaintiff, half naked, to a new cell while making reference to a "'long cold hard night.'"

Defendants Nickell, Lindsey, and John Doe created the conditions complained of

with knowledge of the temperature and Plaintiff's intestinal issues. There are no facts plead to support the conclusion that Defendant Stanley was aware of the conditions until after Plaintiff was placed in the second cell. However, Plaintiff alleges that once he was confined for the night, he repeatedly asked the Defendants, including Stanley, for toilet paper and was denied. The Defendants knew Plaintiff was afflicted and left him without a means to clean himself, adequate heat, or clothing. Plaintiff has satisfied the second element of his Eighth Amendment claim against Defendants Nickell, Lindsey, Stanley, and John Doe.[1] Farmer, 511 U.S. at 837-45 (A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.).

C. **First Amendment**

Plaintiff contends that Defendant Stanley failed to provide an inmate grievance form upon request and threatened Plaintiff with further punishment, thereby violating Plaintiff's First Amendment right to be free from retaliation.

There is a First Amendment right to petition the government through prison grievance procedures, see Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), and allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim, Rizzo v. Dawson, 778 F.2d

---

[1] Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using "John Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the name of the unnamed defendant and provide that information to the Court in an amendment to his pleading. The burden remains on the Plaintiff and the Court will not undertake to investigate the name and identity of the unnamed defendant.


527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

The factual basis for Plaintiff's retaliation claim is not clear.  Plaintiff alleges that Defendant Stanley denied his request for an inmate grievance form and made unspecified threats.  Plaintiff does not specifically identify the protected First Amendment conduct.  Plaintiff's protected conduct must have been a "'substantial' or 'motivating' factor behind the defendant's conduct."  Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).  It seems Plaintiff attempted to exercise his First Amendment right to file an inmate grievance and Defendant Stanley frustrated Plaintiff's effort.  If so, he is asserting an access to courts claim that is separate and apart from retaliation.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted);

Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. Plaintiff has not alleged any facts which support a claim that he has suffered an actual injury as a result of Defendant Stanley's failure to provide an inmate grievance form.

The Court will grant Plaintiff an opportunity to amend. Should Plaintiff choose to amend, he must clearly state the basis for the relief sought. A retaliation claim must include specific facts demonstrating that a Defendant took an adverse act because of Plaintiff's First Amendment activity. A claim based on Plaintiff's right to file inmate grievances must show that Plaintiff suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr., 648 F.3d at 1018.

## V.    CONCLUSION

Plaintiff's Complaint states a claim against Defendants Nickell, Lindsey, Stanley, and John Doe for violation of Plaintiff's rights under the Eighth Amendment, but does not state a First Amendment claim against any of the Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his cognizable claim, Plaintiff may so notify the Court in writing, and the Court will recommend that his other claims be dismissed. Plaintiff will then be provided with a summons and USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Nickell, Lindsey, and Stanley.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P.

9

8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, OR

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his cognizable claim; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   January 29, 2013                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE