UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>            Plaintiff,<br><br>      v.<br><br>C. STANLEY, et al.,<br><br>            Defendants. | Case No.  1:12-cv-1755-AWI-MJS (PC)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 22);**<br><br>**(3) GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO REOPEN DISCOVERY (ECF No. 28); AND**<br><br>**(3) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 28)** |

## I.    PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 1 & 4.) The action proceeds against Defendants Lindsey, Nickell, Stanley, and John Doe on Plaintiff's Eighth Amendment conditions of confinement claim. (ECF Nos. 6 & 8.) Defendants Lindsey, Nickell, and Stanley were served and have appeared in the action. (ECF Nos. 12 & 15.) Defendant Doe has not been identified.

On September 26, 2013, the Court issued a discovery and scheduling order,

1  setting May 26, 2014 as the discovery cut-off and August 7, 2014 as the dispositive
2  motion deadline. (ECF No. 14.)

3       On March 24, 2014, Plaintiff filed a motion to compel a further response to his
4  request for admissions. (ECF No. 22.) Defendants filed an opposition (ECF No. 23), and
5  Plaintiff filed a reply (ECF No. 24.)

6       On August 5, 2014, Defendants filed a motion for summary judgment. (ECF No.
7  25.) On September 5, 2014, Plaintiff filed a motion for extension of time to respond to
8  the motion, and a request to reopen discovery. (ECF No. 28.) On September 8, 2014,
9  Plaintiff filed a "supplement" to his motion. (ECF No. 29.) Defendants filed an
10 opposition. (ECF No. 30.) Plaintiff filed a reply. (ECF No. 32.) Defendants then filed a
11 notice of compliance with Plaintiff's request for additional discovery. (ECF No. 33.)
12 Plaintiff then filed a response to the notice, explaining that Defendants' compliance was
13 deficient. (ECF No. 34.)

14      These matters are deemed submitted pursuant to Local Rule 230(*l*).

15 **II.    MOTION TO COMPEL**

16      **A.    Legal Standard**

17      The discovery process is subject to the overriding limitation of good faith. <u>Asea,</u>
18 <u>Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir.1981). Parties may obtain
19 discovery regarding any nonprivileged matter that is relevant to any party's claim or
20 defense, and for good cause, the Court may order discovery of any matter relevant to
21 the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information
22 need not be admissible at the trial if the discovery appears reasonably calculated to
23 lead to the discovery of admissible evidence. <u>Id.</u>

24      A party may serve on any other party a written request to admit, for purposes of
25 the pending action only, the truth of any matters within the scope of Rule 26(b)(1)
26 relating to the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). If a
27 matter is not admitted, the answer must specifically deny it or state in detail why the
28 answering party cannot truthfully admit or deny it. The answering party may assert lack

of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed. R. Civ. P. 36(a)(4).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

**B.    Disputed Requests for Admission**

**Request No. 2:**

> Admit that the affidavit of truth bearing the sworn statement of prisoner witness Darrell Whitson, i.d. no #H75620 and dated December 14, 2010 attached this complaint is a true and authentic copy of the original.

**Request No. 3:**

> Admit that the affidavit of truth bearing the sworn statement of prisoner witness Charles Baker, i.d. no:#P54028, and dated December 1, 2010 attached to this complaint is a true and authentic copy of the original.

**Request No. 4:**

> Admit that the affidavit of truth bearing the sworn statement

3

of prisoner witness Alvin M. Timbol, i.d. no:#AC7178, and dated November 29, 2010 attached to this complaint is a true and authentic copy of the original.

**Request No. 5:**

Admit that the affidavit of truth bearing the sworn statement of prisoner witness Doug Porter, i.d. no: G44433, and dated December 28, 2010 attached to this complaint is a true and authentic copy of the original.

### C.    Defendants' Responses

Defendants provided the following response to each of the disputed Requests for Admission: "Objection. Defendant lacks information and belief concerning this statement and on that basis denies."

Defendants provided the following supplemental response to each of the disputed Requests for Admission:

Defendant has made a reasonable inquiry into the authenticity of this document but has no way of verifying its authenticity because neither Defendant nor CDCR is the custodian of the original and Defendant therefore has no way of knowing whether this document is authentic. Therefore, Defendant denies this request on information and belief.

### D.    Parties' Arguments

Plaintiff argues that Defendants' supplemental responses to his Requests for Admission Nos. 2, 3, 4, and 5, are deficient because they failed to authenticate the documents Plaintiff allegedly obtained from other inmates. (ECF No. 22.) Plaintiff asks the Court to authenticate the documents. He also states, apparently in response to correspondence from defense counsel indicating that the affidavits contain inadmissible hearsay, that the documents are not offered for their truth but to show the Defendants' state of mind prior to and during the incident at issue in this case.

Defendants argue that their objections to the Requests were proper because they were unable to verify the authenticity of the documents. (ECF No. 23.) They are not the custodians of the documents and have no knowledge of their authenticity. Defendants state that Plaintiff and the prisoners who allegedly drafted the affidavits

4

1    spent only one night in Defendants' custody, and it would impose an unreasonable

2    burden on Defendants to verify the affidavits' authenticity.

3    **E.    Analysis**

4    Having considered the motion (ECF No. 22), Defendants' opposition (ECF No.

5    23), and Plaintiff's reply (ECF No. 24), and the relevant discovery requests and

6    responses, the Court rules as follows.

7    Defendants' objections that they lack sufficient information or knowledge to

8    authenticate the documents has merit. A party responding to a request for admission

9    may assert lack of knowledge or information as a reason for failing to admit or deny if

10   the party has made a reasonable inquiry and cannot readily obtain information sufficient

11   to enable the party to admit or deny. Fed. R. Civ. P. 36(a)(4). Defendants' supplemental

12   response indicates that they made a reasonable inquiry but were not able to obtain

13   sufficient information to admit or deny because neither they nor CDCR are the

14   custodians of the documents. Requiring Defendants to locate Plaintiff's affiants to verify

15   the authenticity of the documents would impose an unreasonable burden.

16   Nor will the Court authenticate Plaintiff's documents. Authentication of

17   documents is a function of the parties, not the Court. Federal Rule of Evidence 901

18   provides examples to litigants of methods of authentication of items in evidence. At a

19   later time, and in the context of determining whether the documents are admissible, the

20   Court may determine whether the documents properly have been authenticated by a

21   party. However, this issue is not presently before the Court. Similarly, the issue of

22   whether the affidavits contain hearsay, or statements that may be admissible for non-

23   hearsay purposes such as state of mind, is not presently before the Court.

24   Accordingly, Plaintiff's motion to compel will be denied.

25   **III.   MOTION TO REOPEN DISCOVERY**

26   **A.    Legal Standard**

27   Federal Rule of Civil Procedure 56(d) permits the Court to delay consideration of

28   a motion for summary judgment to allow parties to obtain discovery to oppose the

1    motion. When a motion for summary judgment is filed "before a party has had any

2    realistic opportunity to pursue discovery relating to its theory of the case," a Rule 56(d)

3    motion should be freely granted. <u>Burlington N. Santa Fe R.R. Co. v. Assiniboine and</u>

4    <u>Sioux Tribes of the Fort Peck Reservation</u>, 323 F.3d 767, 773 (9th Cir. 2003).

5         A party asserting that discovery is necessary to oppose a motion for summary

6    judgment "shall provide a specification of the particular facts on which discovery is to be

7    had or the issues on which discovery is necessary." Local Rule 260(b). However, where

8    "no discovery whatsoever has taken place, the party making a Rule 56[(d)] motion

9    cannot be expected to frame its motion with great specificity as to the kind of discovery

10   likely to turn up useful information, as the ground for such specificity has not yet been

11   laid." <u>Burlington N.</u>, 323 F.3d at 774. "The Courts which have denied a Rule 56[(d)]

12   application for lack of sufficient showing to support further discovery appear to have

13   done so where it was clear that the evidence sought was almost certainly nonexistent or

14   was the object of pure speculation." <u>VISA Int'l. Serv. Ass'n v. Bankcard Holders of Am.</u>,

15   784 F.2d 1472, 1475 (9th Cir. 1986) (citation omitted).

16        Where a party requests to reopen discovery after discovery has closed, the

17   request also must meet the requirements of Federal Rule of Civil Procedure 16. Districts

18   courts must enter scheduling orders that "limit the time to join other parties, amend the

19   pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once

20   entered by the court, a scheduling order "controls the course of the action unless the

21   court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case

22   management problems. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th

23   Cir.1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered,

24   which can be cavalierly disregarded by counsel without peril." <u>Id.</u> (quoting <u>Gestetner</u>

25   <u>Corp. v. Case Equip. Co.</u>, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be

26   shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth

27   Circuit explained:

28

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

Id. at 608 (internal citations omitted).

**B.   Parties' Arguments**

Plaintiff seeks to reopen discovery due to apparent confusion and disagreements in terminology between Plaintiff and Defendants regarding whether the incident at issue occurred in the 4-A Facility, 4-A Housing Unit, 4-B Facility, or 4-B Housing Unit. As a result of this disagreement, Plaintiff did not receive the records he sought regarding Defendants' whereabouts or information regarding capacity in his housing unit at the time of the incident, apparently because he was seeking records pertaining to the wrong housing unit.[1] (ECF No. 28.) These issues did not come to Plaintiff's attention until he

---

[1] Plaintiff also sought to reopen discovery because he never received a certified copy of his deposition transcript and errata after the deposition was certified. (ECF No. 28.) Plaintiff subsequently filed a "supplement" stating that this request was moot based on correspondence from defense counsel that included the errata and indicated that the deposition transcript was served on Plaintiff along with Defendants' motion for summary judgment. (ECF No. 29.)

1  received Defendants' declarations in support of their motion for summary judgment.

2  Plaintiff seeks additional time to conduct discovery regarding Defendants' post

3  assignments at the time of the incident at issue and to determine whether there were

4  open regular cells in the housing unit and whether the holding cell Plaintiff was placed in

5  was, as Defendants' assert, "climate controlled." Plaintiff also argues that Defendants

6  themselves have not abided by the discovery and the scheduling order, having filed

7  their dispositive motion after the discovery cut-off.

8       Defendants oppose the request on the ground that Plaintiff lacks good cause to

9  re-open discovery. (ECF No. 30.) Defendants contend that the information Plaintiff

10 seeks will not defeat summary judgment, and that any confusion over where Plaintiff

11 was housed is immaterial. They further contend that they repeatedly informed Plaintiff

12 he was not housed in 4-B as Plaintiff believed, but nevertheless provided Plaintiff

13 records for 4-B as requested. Additionally, Plaintiff had ample opportunity to seek

14 discovery regarding the holding cell where he was housed.

15      In his reply, Plaintiff disputes Defendants' contentions regarding his <u>housing unit</u>,

16 but admits he may have been confused regarding which <u>facility</u>, 4-A or 4-B, he was

17 housed in. (ECF No. 32.) He requests Defendants' post assignments for the time of the

18 incident and an inmate count for the housing unit to which Defendants were assigned.

19 He states that he is willing to forego further discovery regarding whether the holding cell

20 he was placed in was "climate controlled."

21      After Plaintiff's motion was briefed, Defendants filed a notice of compliance with

22 Plaintiff's request for additional discovery. (ECF No. 33.) Defendants submitted

23 Defendants' sign-in and sign-out sheets for the date of the incident. The names of other

24 officers were redacted from the sign-in and sign-out sheets. They also submitted a bed

25 assignment sheet showing Plaintiff's housing assignment on the date of the incident.

26

27

28  Accordingly, despite Plaintiff's later representation that he never received the deposition (ECF No. 34), the Court considers this request to have been withdrawn.

8

1    Plaintiff responded that the additional discovery was insufficient. Information

2 regarding other officers should not have been redacted because Defendant Doe has not

3 yet been identified. The information provided did not include an inmate count for

4 Plaintiff's housing unit.

5    **C.    Discussion**

6         **1.    Defendants' Compliance with Discovery and Scheduling Order**

7    As an initial matter, Plaintiff's argument that Defendants' violated the discovery

8 and scheduling order by filing their dispositive motion after the discovery deadline is

9 incorrect. The deadline for filing dispositive motions, which includes motions for

10 summary judgment, was August 7, 2014. (ECF No. 14.) Defendants filed their motion on

11 August 5, 2014. (ECF No. 25.) Thus, the motion was timely.

12         **2.    Sign-In and Sign-Out Sheets**

13    Plaintiff's motion seeks to reopen discovery to obtain sign-in and sign-out sheets

14 for Defendants Lindsey, Nickell, and Stanley. He since has been provided those

15 documents. (ECF No. 33) Plaintiff now states that he requires unredacted sign-in and

16 sign-out sheets in order to identify Defendant Doe.

17    It appears Plaintiff was diligent in seeking sign-in and sign-out sheets for his

18 housing unit. His request for production of documents sought the post assignment

19 sheets for the 4-B Administrative Segregation Yard. (ECF No. 31 at 32.) Defendants

20 provided these documents; however, it appears Plaintiff was not housed in the 4-B yard,

21 and thus the documents were not relevant. Defendants since have provided redacted

22 versions of the sign-in and sign-out sheets for the unit where Plaintiff was housed. (ECF

23 No. 33.) Defendants contend that they redacted officers' names for the officers' privacy

24 and because that information was irrelevant.

25    The redacted officers' names clearly are relevant for determining the identity of

26 Defendant Doe. The Court further notes that Defendants' response to Plaintiff's request

27 for production of documents included unredacted sign-in and sign-out sheets for unit 4-

28 B, the incorrect unit, containing the names and employee numbers of numerous officers

9

1    not involved in this action. Accordingly, Defendants' privacy concerns appear to be
2    overstated.

3           The Court will grant Plaintiff's request to reopen discovery for the limited purpose
4    of obtaining unredacted copies of the sign-in and sign-out sheets previously submitted
5    to the Court. (See ECF No. 33.) Defendants shall submit the unredacted documents to
6    Plaintiff within fourteen days of the date of service of this order.

7           However, the Court is not convinced that the unredacted logs will affect the
8    disposition of Defendants' motion for summary judgment. The identity of Defendant Doe
9    is not relevant to Defendants' legal arguments. Accordingly, the Court will not defer
10   further briefing on the motion for summary judgment pending this discovery. See Fed.
11   R. Civ. P. 56(d).

12                  **3.    Inmate Count**

13          Plaintiff seeks information regarding the number of inmates in his housing unit in
14   order to determine whether a regular cell was available that Plaintiff could have been
15   housed in, rather than the holding cell he actually was housed in. (ECF No. 28.)

16          It is not apparent that the information Plaintiff seeks is necessary to oppose
17   Defendants' motion for summary judgment. The motion is brought on the ground that
18   Defendants' conduct is protected by qualified immunity. With respect to Plaintiff's
19   placement in a holding cell, rather than a regular cell, Defendants argue that the
20   conditions in the holding cell did not violate the Eighth Amendment and, alternatively, if
21   they did, such violation would not have been clear to a reasonable officer. (ECF No. 25-
22   1 at 18-21.) They do not rely on any averment that a regular cell was unavailable. The
23   Court is unable to discern how the availability or unavailability of a regular cell would
24   affect analysis of this issue.

25          Nor is it apparent that Plaintiff diligently sought information regarding the number
26   of inmates in his housing unit prior to the expiration of the discovery deadline.
27   Defendants represent that Plaintiff had opportunities to explore this issue in discovery,
28   but chose not to. (ECF No. 30.) Indeed, copies of the discovery requests before the

Court indicate that Plaintiff did not seek this information. It does not appear that Plaintiff was unable to obtain the information due to confusion regarding his housing unit. The Court finds no good cause to reopen discovery to permit this request.

**IV.   MOTION FOR EXTENSION OF TIME**

In light of the foregoing rulings only a limited extension of time to oppose the motion for summary judgment is warranted. Plaintiff will be afforded twenty-one days from the date of service of this order in which to file his opposition.

**V.   CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's motion to compel (ECF No. 22) is DENIED;

2.  Plaintiff's motion for leave to reopen discovery (ECF No. 28) is GRANTED IN PART AND DENIED IN PART;

3.  Within fourteen (14) days of the date of service of this order, Defendants shall provide to Plaintiff unredacted copies of the sign-in and sign-out sheets previously submitted to the Court (see ECF No. 33);

4.  Plaintiff's motion for extension of time is GRANTED;

5.  Plaintiff is afforded twenty-one (21) days from the date of service of this order in which to file his opposition to Defendants' motion for summary judgment; and

6.  If Plaintiff fails to file an opposition or statement of non-opposition within twenty-one days, the Court will recommend that the action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   __February 2, 2015__          /s/ _Michael J. Seng_
                                    UNITED STATES MAGISTRATE JUDGE