UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND, <br><br>    Plaintiff, <br><br>    v. <br><br>C. STANLEY, et al., <br><br>    Defendants. | CASE NO. 1:12-cv-01755-AWI-MJS (PC) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> **(ECF No. 41)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Lindsey, Nickell, Stanley, and Doe on Plaintiff's Eighth Amendment conditions of confinement claim. (ECF Nos. 6 & 8.) Defendants Lindsey, Nickell, and Stanley were served and have appeared in the action. (ECF Nos. 12 & 15.) Defendant Doe has not been identified.

On March 24, 2014, Plaintiff filed a motion to compel a further response to his request for admissions. (ECF No. 22.) On August 5, 2014, Defendants filed a motion for summary judgment. On September 5, 2014, Plaintiff's filed a motion to reopen discovery and for an extension of time to oppose the summary judgment motion. (ECF No. 28.) On February 2, 2015, the Court denied Plaintiff's motion to compel, and granted in part and

1

denied in part his motion to reopen discovery. (ECF No. 37.)

Before the Court is Plaintiff's "Response" to the February 2, 2015 discovery order, which the Court construes as a motion for reconsideration. (ECF No. 41.) Defendants filed no opposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III. Discussion

### A. February 2, 2015 Order Denying Leave to Reopen Discovery

Relevant to the issues presented here, Plaintiff sought leave to reopen discovery to obtain an inmate count for his housing unit. Plaintiff sought this information in order to

determine whether a regular cell was available for Plaintiff, rather than the holding cell where he was housed. (ECF No. 28.) The Court denied this request on the grounds that the information did not appear necessary to oppose the motion for summary judgment and, in any event, there was nothing to indicate Plaintiff diligently sought this information prior to the close of discovery. (ECF No. 37.)

Plaintiff also sought to reopen discovery to determine whether the holding cell was, as Defendants assert, "climate controlled." (ECF No. 28.) However, in his reply, Plaintiff stated his willingness to forego further discovery on this issue. (ECF No. 32.) Accordingly, this request was not addressed by the Court. (ECF No. 37.)

### B. Motion for Reconsideration

Plaintiff objects to the Court's February 2, 2015 order on two grounds. First, Plaintiff argues that the Court incorrectly concluded that discovery regarding the inmate count was not necessary to oppose the motion for summary judgment. He points out that Defendants' declarations state that the holding cell was used as overflow when no other cells were available, and that Plaintiff was placed in the holding cell because the housing unit was full.

Plaintiff is correct that Defendants' declarations so state. However, as stated in the Court's prior order, Defendants' motion for summary judgment contends that the conditions in the holding cell did not violate the Eighth Amendment. Defendants do not argue that they subjected Plaintiff to undesirable conditions because no other housing was available. Further, even if such arguments had been presented, Plaintiff has not shown the requisite diligence necessary to reopen discovery. Indeed, Plaintiff provides no explanation as to why he did not pursue this issue while discovery was open. Accordingly, Plaintiff's motion for reconsideration on this ground will be denied.

Second, Plaintiff appears to object to Defendants' contention that the holding cell was "climate-controlled." (ECF No. 41.) As noted, this issue was not addressed by the Court. Nevertheless, Plaintiff endeavors to present facts contesting whether the holding

cell was climate controlled or excessively cold. Plaintiff's arguments do not raise an issue of fact or law under the discovery order. If Plaintiff wishes to contest Defendants' evidence, the proper time to do so is in opposition to the motion for summary judgment or at trial.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's "Response" (ECF No. 41), which the Court construes as a motion for reconsideration, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   March 19, 2015          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE