UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>C. STANLEY, et al., <br><br>　　　　Defendants. | CASE NO. 1:12-cv-01755-AWI-MJS (PC) <br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br>**(ECF No. 25)** |

## I.　PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Lindsey, Nickell, Stanley, and Doe on Plaintiff's Eighth Amendment conditions of confinement claim. (ECF Nos. 6 & 8.) Defendants Lindsey, Nickell, and Stanley were served and have appeared in the action. (ECF Nos. 12 & 15.) Defendant Doe has not been identified.

On August 5, 2014, Defendants filed a motion for summary judgment (ECF No. 25.). Plaintiff filed an opposition on March 5, 2015 (ECF No. 42). Defendants filed a reply

on March 19, 2015. (ECF No. 46.)

## II. LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party and

determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011).  However, "conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." <u>Angle v. Miller</u>, 673 F.3d 1122, 1134 n.6 (9th Cir. 2012) (<u>citing</u> <u>Soremekun</u>, 509 F.3d at 984).

### III.    FACTUAL SUMMARY

**The Court finds that the following facts are undisputed:**

On October 27, 2010, Plaintiff was transported from Calipatria State Prison to CCI Tehachapi. (ECF No. 25-2, at 1.)

Plaintiff was given a "sack lunch" at 7:30 am and the bus left at around 8:05 am.

At some point during the bus ride, Plaintiff realized he had diarrhea. (ECF No. 25-2, at 2.)

Plaintiff attempted to use the bus bathroom. (ECF No. 25-2, at 2.)

Plaintiff wore handcuffs, waist chains, and leg irons on the bus. (ECF No. 25-2, at 2.)

Upon arrival at CCI Tehachapi at around 6:00 pm, Plaintiff's leg irons were removed and he and roughly ten other inmates were led into the facility, a process that took between 30-45 minutes.  He was then placed in an individual holding "cage" to await a strip search. (ECF No. 25-2, at 3.)

As part of the strip search, Plaintiff had to "squat and cough." (ECF No. 25-2, at 3.)

Plaintiff did not defecate when he went through this stage of the strip search. (ECF No. 25-2, at 3.)

Plaintiff told Officer Nickell he needed to use the bathroom as soon as possible. (ECF No. 25-2, at 4). Officer Nickell made no response. (Id.)

Approximately 10 minutes later, Plaintiff defecated in the holding cage. (ECF No. 25-2, at 4; ECF No. 25-7, at 19).

Defendant Lindsay gave Plaintiff paper towels and splashed disinfectant into the cell. (ECF No. 25-2, at 4.)

Defendant Doe got a hose and sprayed cold water onto Plaintiff's pelvic area and legs. (ECF No. 25-2, at 4).

At this point, all Plaintiff was wearing was a T-shirt and his tennis shoes. (ECF No. 25-2, at 4).

Plaintiff was able to dry himself with paper towels. (ECF No. 25-2, at 4).

Ten minutes later, Plaintiff was escorted to the holding cell where he was to spend the night. The rest of the inmates were taken to administrative segregation, in a different part of the prison. (ECF No. 25-2, at 4.)

The holding cell where Plaintiff stayed had a toilet, sink, and bench. (ECF No. 25-2, at 5.)  It also had running water. (ECF No. 25-7, at 32-33.)

Plaintiff was only wearing tennis shoes and a T-shirt when he arrived at the holding cell.  Defendant Lindsey threw Plaintiff a pair of boxer shorts, but Plaintiff refused to wear them because they appeared to be soiled. (ECF No. 25-2, at 5.)

When defendants' shift ended, Plaintiff did not ask the next on-duty guard for clean shorts or a blanket. (ECF No. 42, at 9.)

Plaintiff did not ask to see medical staff at CCI, but he asked a passing nurse for diarrhea medication, which the nurse said he did not have (ECF No. 25-2, at 5-6.)

Plaintiff left CCI the next morning at around 6 or 6:30 am. (ECF No. 25-2, at 6.)

4

Plaintiff was provided with clothing, including a new paper jumpsuit, prior to departure. (ECF No. 25-7, at 32).

Plaintiff did not seek medical attention at Lancaster, the prison to which he was being transported. (ECF No. 25-7, at 33.)

**IV. LEGAL STANDARD – EIGHTH AMENDMENT**

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Conditions of confinement may be, and often are, restrictive and harsh; however, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Conditions devoid of legitimate penological purpose or contrary to evolving standards of decency violate the Eighth Amendment. Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346; Morgan, 465 F.3d at 1045 (quotation marks and citations omitted).

Eighth Amendment claims have both subjective and objective components. An inmate must show that prison officials subjectively acted with deliberate indifference to his health and safety, thereby objectively depriving him of the minimal civilized measure of life's necessities. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)(citing Wilson v. Seiter, 501 U.S. 294, 303-303 (1991); Rhodes, 452 U.S. at 347).

**A.  Subjective Prong**

To act with deliberate indifference, a prison official must know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). Thus, to make

5

a cognizable conditions of confinement claim, a plaintiff must show that defendants "had actual knowledge of plaintiff's basic human needs and deliberately refused to meet those needs. Whether an official possessed such knowledge 'is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.'" Johnson, 217 F.3d at 734 (citing Farmer, 511 U.S. at 842).

### 1. Verbal Harassment

Verbal harassment or insults can demonstrate the subjective state of mind of a prison official. See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997)(suggesting that prison officials would act with a "sufficiently culpable state of mind" where they intended to humiliate inmate).  However, insults alone are not sufficient to meet the objective prong of the Eighth Amendment test. Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012)(citing Somers, 109 F.3d at 622)(disapproving of "the exchange of verbal insults between inmates and guards," but concluding it was "a constant, daily ritual observed in this nation's prisons" that did not violate the Eighth Amendment); cf. Hope v. Pelzer, 536 U.S. at 738 (guards' taunting and deprivation of bathroom breaks, which heightened risk of humiliation, contributed to finding an Eighth Amendment violation).

### B. Objective Prong

The "minimal civilized measure of life's necessities" includes adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson, 217 F.3d at 731 (quotation marks and citations omitted).  An inmate's right to sanitation includes a right to personal hygiene supplies. Keenan, 83 F.3d 1083, at 1091.  The time period during which an inmate is deprived of a basic necessity is important in determining whether the deprivation was unconstitutional. Chappell v. Mandeville, 706 F.3d 1052, 1060 (9th Cir. 2013) (citing Hutto v. Finney , 437 U.S. 678, 686-687 (1978) for the proposition that "a

6

condition of confinement which does not violate the Eighth Amendment when it exists for just a few days may constitute a violation when it exists for 'weeks or months'"); Hearns v. Terhune, 413 F.3d 1036, 1043 (9th Cir. 2005). However, "the more basic the need, the shorter the time it can be withheld." Johnson, 217 F.3d at 731(citations omitted); see also Hope, 536 U.S. at 738 (finding "obvious" Eighth Amendment violation where plaintiff was handcuffed to a hitching post in the Alabama sun for 7 hours, during which time he was not given water or allowed to use the bathroom). "Minor deprivations suffered for short periods of time will not rise to the level of an Eighth Amendment violation, but 'substantial deprivations of shelter, food, drinking water, and sanitation may meet the standard despite their even shorter duration.'" Jacobs v. Quinones, No. 1:10-cv-02349 WL 144234, at *7 (E.D. Cal. Jan. 11, 2013)(citing Johnson, 217 F.3d at 729-730).

### 1. Exposure to Chemicals

A brief, one time exposure to disinfectant or other chemical does not amount to an Eighth Amendment violation where there is no allegation that the exposure caused harm or pain and no evidence to suggest that Defendants intended to cause pain. See Clement v. Gomez, 298 F.3d 898, at 904 (9th Cir. 2002)(four hour-long exposure to pepper spray violated Eighth Amendment where inmates suffered pain and made repeated requests for medical care); Harris v. Kim, 483 F. App'x 329 (9th Cir. 2012)(exposure to corrosive chemical gave rise to Eighth Amendment claim where defendants knew of its dangerous properties and inmate was seriously injured); McDaniels v. Elfo, No. C12-1289 2013 WL 7231585, at *6-*7 (W.D. Wash. Nov. 14, 2013)(refusal to give prisoner gloves with which to use disinfectant did not violate Eighth Amendment where there was no evidence of intent to punish, and medical records did not demonstrate any health effects).

### 2. Toilet Access

Temporary deprivation of access to a toilet can rise to the level of an Eighth Amendment violation. Hope, 536 U.S. at 738 (preventing inmate from using toilet for 7 hours while handcuffed to hitching post contributed to Eighth Amendment violation); Pollard v. GEO Grp., Inc., 607 F.3d 583, 598 (9th Cir. 2010)("a prison inmate deprived of access to a toilet for several days would have a strong case against prison officers under Bivens"), *rev'd on other grounds by* Minneci v. Pollard, 132 S.Ct. 617 (2012); Johnson, 217 F. 3d at 730, 733 (complete absence of toilet facilities for inmates for one day could violate the Eighth Amendment). Nonetheless, "toilets can be unavailable for some period of time without violating the Eighth Amendment." Johnson, 217 F.3d at 733; accord Gunn v. Tilton, No. CV 08-1039 2011 WL 1121949, at *3 (E.D. Cal. Mar. 23, 2011)(depriving inmate of access to a restroom for up to two hours did not violate the Eighth Amendment).

### 3. Mattress and Sanitation Supplies

Short-term deprivations of mattresses and some sanitary supplies generally do not rise to the level of an Eighth Amendment violation. See Chappell, 706 F.3d at 1060-1061 (one-day deprivation of a mattress does not violate the Eighth Amendment); Hernandez v. Denton, 861 F,2d 1421, 1424 (9th Cir. 1988); *vacated on other grounds by* 493 U.S. 801 (1989)(same); Zavala v. Barnik, 545 F.Supp.2d 1051, 1059 (C.D. Cal. 2008)("*de minimis,* apparently brief, one-time deprivation of toilet paper" did not violate Eighth Amendment); Lopez v. Cate, No. 1:10-cv-01773 2013 WL 239097, at *8 (E.D.

8

Cal. Jan. 22, 2013)(deprivation of toilet paper, a toothbrush, and tooth powder for 7 days does not violate the Eighth Amendment).

### 4. Lack of Clothing

A denial of adequate clothing, even for a brief period, may violate the Eighth Amendment, at least where the inmate is outside and weather conditions are extreme. See Johnson, 217 F.3d at 731 (plaintiffs made to lie prone, exposed to 90-degree heat for 4 days violated the Eighth Amendment); Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994)(acknowledging that weather conditions could be such that "the deprivation of a jacket [could] inflict pain of a constitutional magnitude"); Gordon v. Faber, 973 F.2d 686, 688 (8th Cir. 1992)(inmates made to stand outside in subzero temperatures with significant wind chill in only denim jackets without hats or gloves for two hours stated Eighth Amendment claim); Chatman v. Tyner, at *7, *8 (E.D. Cal. Feb. 26, 2009)(citing Walker to conclude that inmate who stood outside for over thirty minutes in inclement weather without sufficient clothing withstood summary judgment); but see Gunn, No. CV-08-1039 2011 WL 1121949, at *4 (inmate made to stand in the yard for five hours in temperatures ranging from 52-79 degrees without water did not state claim).

The unconstitutionality of a lack of clothing for inmates in *cells*, however, is less clear: the Eighth Amendment mandates "adequate heating," but not necessarily a comfortable temperature. Graves v. Arpaio, 623 F.3d 1043, 1049 (9th Cir. 2010); Keenan, 83 F.3d at 1091. "One measure of an inadequate, as opposed to merely uncomfortable, temperature is that it poses a 'substantial risk of serious harm.'" Graves, 623 F.3d at 1049. Thus, temporarily depriving an inmate who remains inside of clothing or blankets does not rise to the level of an Eighth Amendment violation if temperatures are moderate. Compare Stevenson v. Adams, (E.D. Cal. Nov. 7, 2012)(where a building

was air-conditioned and left Plaintiff uncomfortable overnight was "the sort of short-term discomfort that does not support an Eighth Amendment violation"); Gordon v. Cate, No. 11-cv-03593 2014 WL 848212, at *4-*5 (N.D. Cal. Feb. 28, 2014)(inmate with thin clothing and a blanket housed for 7 days in a cell with broken window pane and malfunctioning ventilation system did not state a claim where lowest outside temperature was 53 degrees and inmate did not ask for warmer clothes); with Graves, 623 F.3d at 1049 (upholding lower court's finding that housing detainees taking psychotropic medications in temperatures above 85 degrees violated the Eighth Amendment); Saenz v. Reeves, No. 1:09-cv-00557 2013 WL 4049975, at *15 (E.D. Cal. Sept. 13, 2012)(defendant not entitled to summary judgment where he denied Plaintiff's requests for blankets and clothing in a cell without functioning ventilation in the middle of winter); Maldonaldo v. Youngblood, at *4 (E.D. Cal. Jan. 28, 2013)(3-4 hour period of being locked in a van with temperatures reaching upwards of 90 degrees in the vehicle met objective prong of Eighth Amendment test).

**V. PARTIES' ARGUMENTS**

Defendants argue they are entitled to summary judgment because the alleged deprivations Plaintiff suffered were *de minimis* and of too short a duration to constitute an Eighth Amendment violation. Specifically, Defendants argue (1) that Plaintiff was not unconstitutionally deprived of a toilet because only ten minutes elapsed between when Plaintiff allegedly made Defendant Nickell aware of his urgent need to use a bathroom and when Plaintiff defecated in the holding cage; (2) that even if Defendants did make the offensive remarks Plaintiff attributes to them, verbal harassment alone does not violate the Eighth Amendment; (3) splashing Plaintiff with cleaning solution and water did not violate the Eighth Amendment; and (4) even if Plaintiff were placed in a cell overnight

without bedding, clothing, or toilet paper, this short period of deprivation does not implicate the constitution. Defendants dispute, however, that the period of Plaintiff's deprivation even lasted all night: they point out that their shift ended at 10:00 p.m., and that if they did fail to provide Plaintiff with a bed roll, clothing, and hygiene items, Plaintiff could have asked the next officer on duty for these items.  They argue therefore that the period of deprivation was only a few hours.  In the alternative, Defendants argue they are entitled to qualified immunity because the unconstitutionality of such a brief deprivation was not well-established.

Plaintiff claims that inmates are not permitted to use the bus bathroom for defecation, and therefore he could not relieve himself prior to exiting the bus.  He concedes that only 10 minutes elapsed between his request for a bathroom and the loosening of his bowels.  He alleges Defendants called him an "animal" to degrade and humiliate him, and that other comments, including a threat to provide him with a "long, cold, hard night" because of the diarrhea incident, and a menacing, "You better be glad you're leaving in the morning!" indicated their intent to cause suffering and pain.  Plaintiff is somewhat equivocal about the manner in which he was splashed with disinfectant - in his opposition, he writes that the disinfectant was sprayed at him directly, but in his deposition, he only indicates that it "splashed up on him." (ECF No. 25-7, at 23).  Plaintiff states that he asked once for toilet paper of an unidentified sergeant within earshot of Defendants, but that no one responded. He concedes that he did not ask Defendants again for toilet paper or a bedroll, and that he did not ask the next shift of guards for these items, either. (ECF No. 25-7, at 30-31; ECF No. 42, at 9).  He cites his concern that because he was partially naked, the next officer, who was female, would write him up for sexual harassment if he tried to get her attention.  Plaintiff alleges that he had "no

11

bedding or anything," and that "it was very cold that night." (ECF No. 25-7, at 31). However, he never saw a thermometer.  He alleges that the HVAC system at CCI is a "swamp cooler," which circulates air from the outdoors into the prison without heating it. He has not explained his basis for concluding CCI uses a swamp cooler.

**VI. ANALYSIS**

Considering the facts in the light most favorable to Plaintiff, Comite de Jornaleros, 657 F.3d at 942, Defendant has proven an absence of evidence to support Plaintiff's case, Oracle Corp., 627 F.3d at 387. Accordingly, for the reasons set forth below, the Court will recommend that Defendant's motion for summary judgment be granted.

Here, Plaintiff's claims do not satisfy both prongs of the Eighth Amendment test. Defendants' allegedly offensive and menacing comments arguably establish the subjective prong of the test; however, the very brief deprivation of a toilet, the spraying with water and disinfectant, and the somewhat longer deprivation of clothing, toilet paper and a bedroll fall short of the objective prong.

Plaintiff has not alleged that he suffered any health effects or pain from exposure to the disinfectant.  Although his accounts are inconsistent about whether he was deliberately or inadvertently doused with disinfectant, he has not pleaded facts suggesting that Defendants were trying to cause him pain, as opposed to disinfect him after he had defecated in the cell. See Manriquez v. Huchins, No. 1:09-cv-00456 2010 WL 2791560 (E.D. Cal. July 14, 2010)(defendants' efforts to prolong plaintiff's exposure to pepper-spray like chemical was evidence of malicious intent).  Plaintiff was immediately sprayed with water after coming into contact with the disinfectant.  Under these circumstances, Plaintiff's exposure to disinfectant, even if deliberate, fails to give rise to an Eighth Amendment claim.

While deprivation of access to a toilet for several hours may, under certain circumstances, violate the Eighth Amendment, see Hope, 536 U.S. at 738, the Court has identified no cases that state that a deprivation of a few minutes, even in the face of urgent need, reaches constitutional proportions.[1]  Likewise, while the lack of a bedroll and toilet paper could, over a significant period of time, run afoul of the Eighth Amendment, a deprivation for a few hours, or even overnight, does not violate the constitution.  See Chappell, 706 F.3d at 1060.

Being left without adequate clothing in cold temperatures can potentially violate the Constitution even over a short period of time, but the Court finds that two circumstances defeat Plaintiff's claim on these grounds.  First, Plaintiff has not established that the temperature of his cell put him at a substantial risk of harm, as opposed to mere discomfort. See Graves, 623 F.3d at 1049.  Although Plaintiff claims that temperatures inside the facility were "very cold" and "freezing," he provides no objective indication, or even estimate, of the actual temperature in or outside of the institution on that date.  The court need not accept his unsupported hypothesis that CCI uses a "swamp cooler" that merely pipes in unheated air from the outdoors.  "Mere allegation and speculation do not create a factual dispute for purposes of summary judgment".  See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007)(citing Nelson v. Pima Community College, 83 F.3d 1075, 1081-1082 (9th Cir. 1996); see also Angle, 673 F.3d 1122, 1134 n.6.  Nor does Plaintiff explain any adverse effects from the low temperature.  The absence of more specific information about the temperature or its effects on Plaintiff prevents this court from finding that a deprivation of blankets and adequate clothing overnight amounts to an Eighth Amendment violation.

---

[1] Plaintiff has not argued, nor does it appear that any facts would support the argument, that Defendants were responsible for Plaintiff's inability to use the toilet on the bus.

Next, Plaintiff has conceded that once defendants left duty, he did not ask again for either a bedroll or new boxer shorts.  His asserted fear that he might have been written up if he had requested blankets and/or clothing from the guard does not give rise to a constitutional claim based on a failure to recognize an unspoken need.  Failing to request a remedy for a deprivation is an important factor in determining whether the deprivation was unconstitutional. Compare Gordon, No. 11-cv-03593 2014 WL 848212, at *4-*5 (inmate who did not request extra clothing failed to state a claim on the basis of his deprivation, even though he was housed in a cell with no heat and a broken window for multiple days) with Saenz, No. 1:09-cv-00557 2013 WL 4049975, at *15 (defendant not entitled to summary judgment where he denied Plaintiff's requests for blankets and clothing in a cell without functioning ventilation in the middle of winter).  Here, Plaintiff's failure to try to remedy his situation, combined with the lack of indication that the temperature in the facility posed a substantial risk of harm, supports the conclusion that the temporary discomfort Plaintiff suffered was not unconstitutional.

Defendants have shown an absence of evidence to support an Eighth Amendment claim against them.

**VI. CONCLUSION AND RECOMMENDATION**

The Court finds that Plaintiff has not met his burden of putting forth sufficient evidence to raise a triable issue of fact.[2] Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 25) be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

---

[2] Because the court resolves Defendants' motion for summary judgment in their favor on other grounds, it does not their qualified immunity argument.

**fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 30, 2015            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE